# NO. 12-23-00097-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEVONTE LEE MCNAMEE,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Devonte Lee McNamee pleaded "guilty" to assault of a pregnant person and the trial court placed him on deferred adjudication community supervision for eight years. The State subsequently moved to adjudicate guilt, alleging several violations of Appellant's community supervision. Appellant pleaded "true" to all but one of the State's allegations. The trial court sentenced him to ten years in prison. Appellant filed a notice of appeal.

On July 28, 2023, this Court remanded the appeal to the trial court because the time to file Appellant's brief expired without a brief or motion for extension of time. We ordered that the trial court conduct a hearing to determine (1) whether the appellant still desires to prosecute his appeal; (2) whether the appellant is indigent and either needs counsel appointed, or appellant's counsel has abandoned the appeal; or (3) if the appellant is not indigent, whether a brief has not been completed because retained counsel has either abandoned the appeal or because appellant has failed to make necessary arrangements for filing a brief; and (4) when appellant's counsel anticipates that the appellant's brief, if a brief is to be filed, will be completed.

The trial court conducted said hearing on August 4, at which Appellant's appointed counsel appeared but Appellant did not. Counsel stated the following:

…He was released on shock probation. We had trouble finding him. I talked to him this Wednesday and -- he was on the phone -- and he said, "I don't want to pursue the appeal. Don't do it." And then since then I tried to make arrangements for him to sign a notice of a voluntary dismissal of the appeal. And I have not been able to contact him.
So I can submit the brief. I can probably get that in by next Friday. But I'm a little concerned that it may not be what my client wants.

The trial court responded that Appellant has an outstanding warrant for a new felony offense and that the probation department and Tyler Police Department had been looking for him. The trial court stated:

But, I guess, based on your representation, the finding I would make -- certainly find you to be a credible witness -- I guess -- that he has indicated he absolutely does not want to pursue this appeal.
And I guess we'll make a recommendation that the 12th Court dismiss the appeal.

The trial court subsequently signed the following written findings:

1. The appellant remains indigent.
2. The defendant has had no contact with his appellate attorney, is currently an absconder from probation, and has at least one outstanding felony warrant from the Tyler Police Department. As such, the Court finds that there is almost no likelihood that appellant will be located any time in the near future.
3. The defendant has expressed to defense counsel that he no longer wishes to purse this appeal.
4. The Court finds appellate counsel's testimony to be credible and recommends, pursuant to the wishes of appellant, that the Twelfth Court dismiss the appeal.

At any time before an appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion signed by both appellant and his counsel. TEX. R. APP. P. 42.2(a). Appellant has not filed a motion to dismiss his appeal. Nevertheless, given appellate counsel's representations that appellant said he did not want to pursue an appeal, the trial court's findings and recommendation that the appeal be dismissed, and the fact that Appellant cannot be located, we conclude that good cause exists to suspend the operation of Rule 42.2(a) in accordance with Rule 2. *See* TEX. R. APP. P. 2 ("On a party's motion or on its own initiative an appellate court may--to expedite a decision or for other good cause--suspend a rule's operation in a particular case and order a different procedure"); *see also **Comley v. State***, No. 13-22-00618-CR, 2023 WL 4501883, at *1-2 (Tex. App.—Corpus Christi July 13, 2023, no pet. h.) (mem. op., not designated for publication) (applying Rule 2 to dismiss appeal in which trial court found appellant abandoned appeal when he failed to appear at hearing on remand and appellant had not

filed motion to withdraw); ***Contreras v. State***, No. 01-07-00385-CR, 2008 WL 340481, at *1 (Tex. App.—Houston [1st Dist.] Feb. 7, 2008, no pet.) (per curiam) (mem. op., not designated for publication) (applying Rule 2 to dismissal of appeal in which trial court found appellant no longer wanted to pursue appeal but appellant filed no motion to withdraw appeal). Accordingly, we ***dismiss*** the appeal.

Opinion delivered August 9, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2023**

**NO. 12-23-00097-CR**

**DEVONTE LEE MCNAMEE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1039-22)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*